*Second Judicial District.*

In the Court of Common Pleas of Lancaster County.

## SEIBER v. LANCASTER AND READING NARROW GUAGE RAILROAD CO.

The draft required to be filed upon presentation of petition, asking for the appointment of viewers to assess damages occasioned by the running of a railroad, is within the costs and expenses to be paid by the railroad company, especially when the filing of the same is requested by the company.

**Exceptions to costs.**

Opinion delivered January 17, 1874, by

LIVINGSTON, P. J. The act of assembly of February 19, 1849, under which the question in this case arises, §11, among other things, declares that the viewers appointed to assess damages " shall estimate and determine whether any, and if any, what amount of damages has been or may be sustained, and to whom payable, and make report thereof to the court; and if any damages be awarded, and the report be confirmed by the court, judgment shall be entered thereon, and if the amount thereof be not paid within thirty days after the entry of such judgment, execution may then issue thereon, as in other cases of debt, for the sum so awarded, and the *costs and expenses* incurred shall be defrayed by the said railroad company."

The viewers in the case before us awarded the petitioner one hundred and fifty dollars damages, which, together with all the costs and expenses incurred (except six dollars), have been paid by the railroad company.

The six dollars excepted to is the cost and expense of making a survey and preparing a draft of complainant's premises injured by the company.

The act of assembly makes no provision for filing a draft or other instrument defining precisely the quantity of land appropriated by the company in any case of record in the proceedings with reference to assessment of railroad damages. The Supreme Court say, this is owing to defective legislation, and, in the absence of legislation, they see no way of reaching it, unless by prescribing such rules, or *making an order*, under the general powers conferred by law on the court, which *will bring the act of the company, evidencing its appropriation, into the record*, and enable the court to send before the viewers the true and only questions they ought to decide.

When this petition was presented to the court counsel for the railroad company objected to the appointment of viewers to assess the damages until petitioner filed a draft of the property owned by him, and alleged to have been injured by the railroad company, and upon their objection, and at their request the court *ordered* the petitioner to file a draft within a specified time. The draft was made and filed. Viewers were then appointed and the damages assessed.

After having required the draft defining precisely the quantity of land appropriated by the company to be prepared and filed, we are of opinion that the law, which directs that the railroad company shall pay all the damages, costs, and expenses, requires them to pay for it.

The exceptions are, therefore, dismissed.